# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4823

_____

MARK ODUM, Executor de son
tort of the Estate of Joseph
Norton,

     Appellant,

     v.

LP GRACEVILLE, LLC, d/b/a
Signature Healthcare of North
Florida, a foreign corporation
and SIGNATURE HEALTHCARE
CONSULTING SERVICES, LLC, a
foreign corporation,

     Appellees.

_____

On appeal from the Circuit Court for Jackson County.
Christopher N. Patterson, Judge.

July 9, 2019

WINOKUR, J.

Appellant appeals the trial court's order compelling arbitration based on a delegation clause in the arbitration agreement.[1] The order stated that only the arbitrator could

---

[1] We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(iv). Appellees argue that no interlocutory appeal may be taken from

determine whether Appellees were parties to the arbitration agreement. We agree with Appellant that this statement is inaccurate, but affirm nonetheless.[2]

## I.

Appellant brought suit on behalf of his deceased father against Appellees, alleging that they were the owners, operators, managers, and licensees of the nursing home that allegedly neglected his father. Appellees filed a motion to compel arbitration based on an arbitration agreement that included a delegation provision requiring the arbitrator to decide threshold claims such as the agreement's enforceability. Appellant responded that Appellees did not sign the agreement (only a representative of the nursing home did) and only the signatory could enforce it. At a hearing on the motion, Appellant again argued that only the signatory to the agreement—not affiliates— may enforce it. Appellees disagreed, noting that the agreement explicitly included "all affiliates, parents, officers, owners, members, agents, successors and assigns" of the nursing home. After the trial court directed the parties to proceed to Appellant's second argument, Appellant asked for one more word and stated that Appellees had not admitted any evidence that they are affiliates of the nursing home. The trial court granted Appellees' motion to compel arbitration, finding in its order that "any questions about who may have entered [into the] Agreement are to be submitted to an arbitrator" because the "parties have delegated such 'gateway' issues" in the agreement's delegation provision.

---

an order directing arbitration if the agreement is governed by the Federal Arbitration Act, *see* 9 U.S.C. § 16(b)(2), but this provision only relates to proceedings in federal district courts, *see* 9 U.S.C. § 4. *See also Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 n.6 (1989) (stating that § 4 by its "terms appear[s] to apply only to proceedings in federal court").

[2] We reject Appellant's second argument without further comment.

II.

Arbitration agreements, particularly those governed by the Federal Arbitration Act, are contracts that must be enforced according to their terms, save for applicable contract defenses. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67-68 (2010). Arbitration agreements may include a "delegation provision," which is an "agreement to arbitrate threshold issues concerning the arbitration agreement." *Id.* at 68. The United States Supreme Court has made clear that "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 68-69. The Court noted however that it was only addressing the validity of the agreement, not whether one "was ever concluded." *Id.* at 70 n.2 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006)). In *Buckeye*, the Court made the same distinction and stated that it did not address questions of whether an agreement "was ever concluded," such as "whether the alleged obligor ever signed the contract[.]" 546 U.S. at 444 n.1.

This analysis was further explained by the Fifth Circuit Court of Appeals as follows:

> Enforcement of an arbitration agreement involves two analytical steps. The first is contract formation— whether the parties entered into *any arbitration agreement at all*. The second involves contract interpretation to determine whether *this* claim is covered by the arbitration agreement. Ordinarily both steps are questions for the court. But where the arbitration agreement contains a delegation clause giving the arbitrator the primary power to rule on the arbitrability of a specific claim, the analysis changes.

*Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016) (citations omitted). The court concluded that "if the party seeking arbitration points to a purported delegation clause," the court "performs the first step—an analysis of contract formation—as it always does," then decides "whether the purported delegation clause is in fact a delegation clause[.]" *Id.* at 202. If the parties entered into an arbitration agreement and a

3

delegation clause exists, the court must grant the motion to compel arbitration. *Id.*

## III.

The trial court concluded that "any questions about who may have entered [into the] Agreement are to be submitted to an arbitrator" because the "parties have delegated such 'gateway' issues" in the agreement. This conclusion misapplies the framework, as it always remains the trial court's role to determine whether the parties entered into an agreement before enforcing that agreement by compelling arbitration. However, despite this misstatement, we do not find that the trial court erred in granting Appellees' motion in light of the argument raised by Appellant. In its written response to the motion and at the hearing, Appellant argued that only the nursing home as the signatory to the agreement—and not its affiliates—could enforce it. This argument was refuted, as Appellees pointed out, by the agreement's explicit statement that it applied to affiliates of the nursing home.

At the last second in the hearing, Appellant stated that Appellees had not admitted any evidence that they were affiliates of the nursing home. Now on appeal, they similarly argue that there is no record evidence to support this finding. But Appellant never argued below that Appellees were not affiliates of the nursing home. Indeed, Appellant sued Appellees to hold them liable for the nursing home's alleged negligence, identifying them as owners, operators, managers, and licensees of the nursing home, and they did not argue otherwise until now. Had Appellant made this argument, the trial court would have been required to determine if Appellees were affiliates—i.e., whether there was an arbitration agreement between Appellant and Appellees. Appellant did not ask for this determination however, so the trial court did not err in granting the motion to compel without making it.

## IV.

A determination of whether a party seeking to enforce an arbitration agreement actually entered into that agreement is one for the trial court, regardless of a delegation clause. Here,

4

there is no question that the agreement applies to the nursing home's affiliates, and Appellant did not argue that Appellees were not affiliates until this appeal. Therefore, we AFFIRM the trial court's order granting Appellees' motion to compel arbitration.

RAY, C.J. and B.L. THOMAS, J., concur.

—————————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

—————————————————

Charles M-P George of the Law Offices of Charles M-P George, Coral Gables, and R. Waylon Thompson of Manuel & Thompson, P.A., Panama City, for Appellant.

Donna J. Fudge and W. Benjamin Broadwater, of Fudge Broadwater, P.A., St. Petersburg, for Appellees.